Mobphy, J.
delivered the opinion of the court.
This is a claim of $817, for work and labor done in plastering two houses belonging to defendant. The answer avers that defendant never employed plaintiff to do the work; that by a contract made with D. H. Twogood, an architect, for the building of these houses, the latter had bound himself to plaster all the interior of them; that if plaintiff has any claim for his work he must look to the said Twogood, his employer, and not to defendant, who has long since settled for and paid the price of this work to the said Two-good. The plaintiff had a judgment in the inferior court, from which defendant appealed.
Erom the building contract it appears that Twogood had bound himself to do all the plastering of the houses, but the evidence shows satisfactorily, we think, that the defendant afterwards proposed that he should employ a plasterer and deduct the cost of this part of the work from the contract price of the houses, and that Twogood agreed to this arrangement, provided, the price of the plastering should not exceed 45 cents per yard. Our attention [470] has been drawn to a bill of exception to the opinion of the judge below in admitting Twogood as a witness to prove the subsequent arrangement by which the plastering was taken out of the original contract. It appears to us that the judge did not err. Twogood stood without interest between the parties; being bound by his contract to do the work; if Olannon paid for it to plaintiff, Twogood was entitled to receive so much less from his contract. He was liable either to plaintiff or to defendant, or parol evidence was certainly admissible to show that since the making of the contract, a second agreement intervened, modifying the first. But independent of Twogood’s testimony, other witnesses prove the employment of plaintiff by defendant, and not by Twogood, to do the plastering of these houses. ¡ Twogood’s clerk *653 testifies, moreover, that in consequence of this new arrangement he deducted the plastering from the contract, and gave defendant a credit on the hooks for the $817, now claimed of him.
The judgment of the commercial court is therefore affirmed with costs.